[No. 24622. Department One. November 9, 1933.]

THE STATE OF WASHINGTON, *Respondent,* v. J. A. HARMON, *Appellant.*[1]

*Dwinell & McCoy,* for appellant.

*Charles R. Denney* and *Francis W. Mansfield,* for respondent.

[1]Reported in 26 P. (2d) 614.

STEINERT, J.—Appellant, Harmon, was convicted of the crime of kidnaping and was sentenced to serve a term in the state penitentiary of not less than fifteen nor more than twenty years.

There is but one assignment of error, namely, that the court erred in denying appellant's motion for a new trial. The contention here is that the evidence was not sufficient to sustain or justify the conviction of appellant upon the crime charged.

On Friday, April 1, 1932, at about ten o'clock in the evening, three men, masked and armed with revolvers, appeared at the home of William Campbell, a banker residing at Sultan, Washington. Responding to their knock, Mr. Campbell opened the front door, and was at once confronted by two of the men, one of whom covered him with a revolver, at the same time commanding him to put up his hands. Mrs. Campbell, who had followed her husband to the door, met with a like reception from the second man. The two men then entered the house and admitted the third, who had been stationed at the back door.

The Campbells were told by the men that they were going to rob the bank with which Mr. Campbell was connected, and that they wanted him to accompany them to the bank so as to enable them to gain access to the vault. Mr. Campbell explained that the vault had a time lock on it, and that it could not be opened until morning. The bandits decided to remain at the Campbell home until the vault could be opened. During their stay, the three men kept the Campbells continuously under strict surveillance, pointing their guns at them from time to time to prevent them from giving any alarm.

After waiting until sometime after midnight, the bandits became somewhat restless, and decided that they would take the Campbells elsewhere for the re-

mainder of the night. Mr. and Mrs. Campbell were then compelled to get into their own automobile, and, accompanied by two of the men, were driven to an old house located near Kellogg's Lake, about eight miles from Sultan. The third man preceded them in a Chrysler sedan, which had previously been stolen. After arriving at Kellogg's Lake, two of the men returned to the Campbell home, where they obtained the two children of the Campbells, aged nine and ten years, respectively, and brought them to the house at the lake.

Towards morning, the three bandits bound Mrs. Campbell and the two children with ropes, to prevent their escape, and then took Mr. Campbell with them back to Sultan, evidently for the purpose of kidnaping another officer of the bank. Failing in this attempt, they returned to the lake. It was then about seven o'clock in the morning of April 2nd. After some parley among themselves, the kidnapers decided that it was getting too late to rob the bank, and that they would have to abandon the attempt. Leaving the Campbells at the house by the lake, the three men departed in the Chrysler sedan. Three days later, April 5, 1932, appellant was arrested in Kelso, Washington. The other two men have never been apprehended. The facts thus far related are uncontradicted.

After his arrest, appellant was identified by each of the four members of the Campbell family as being one of the three men who had kidnaped them. Their identification was based upon the peculiarity of appellant's eyes, voice and personal carriage.

Appellant's defense rested upon evidence of an alibi. A number of witnesses, some of them relatives and others of them friends of appellant, testified that appellant had spent the night of April 1st, which was the night on which the crime of kidnaping was committed,

in Longview, Washington. Still other witnesses testified that they had seen appellant at a service station in Longview on the morning of April 2nd at about 11:30 o'clock.

There was considerable testimony, however, to the effect that appellant had been in Sultan on the day of, and for several days prior to, the kidnaping. A lady in charge of a restaurant in Sultan identified appellant, by a peculiar mark upon his hand, as the man who, with two others, had been in the restaurant several times on March 30th and 31st. Two boys testified that appellant had accosted them at about eight o'clock on Friday night, April 1st, and had asked them where Mr. Campbell's home was. A Ford automobile, admittedly appellant's, was identified by its number as having been seen upon the streets of Sultan on April 1st, the day that the crime was committed. In fact, appellant himself testified that he had been in the bank at Sultan on Thursday morning, March 31st, and that Mr. Campbell had at that time changed a twenty-dollar bill for him. Appellant's story concerning his movements in and around Sultan on Thursday and Friday was rather fantastic and incredible.

There was convincing evidence of the identity of the appellant, and the jury evidently believed it. As to the defense of an alibi, the jury obviously disbelieved the story that appellant had spent Friday night in Longview; as to the evidence that appellant was at the service station in Longview on Saturday morning at 11:30 o'clock, the jury apparently either believed that it was possible for appellant to have driven from Kellogg's Lake to Longview, a distance estimated at approximately two hundred miles, in about four hours and a half, or else believed that the witnesses were mistaken as to the time that they saw appellant at the

service station. In any event, the evidence as a whole was such that different conclusions could have been drawn therefrom. It was, therefore, purely a question of fact for the jury to determine.

In our opinion, the evidence produced by the state, if believed by the jury, was ample to sustain its verdict. That the jury did believe it, is attested by the verdict that was returned.

The judgment is affirmed.

BEALS, C. J., MILLARD, MITCHELL, and MAIN, JJ., concur.